WESTCHESTER LIGHTING COMPANY, Plaintiff, v. COUNTY OF WESTCHESTER and Another, Defendants.

Second Department, February 7, 1930.

*P. F. W. Ruther* [*John A. Garver* and *Chauncey B. Garver* with him on the brief], for the plaintiff.

*Francis J. Morgan* [*Thomas M. Smith, William A. Davidson, County Attorney*, for the defendant County of Westchester, and *Henry R. Barrett*, general counsel for the defendant Westchester Park Commission, with him on the brief], for the defendants.

CARSWELL, J. The plaintiff, on an agreed statement of facts, seeks reimbursement for the expense of by-passing and relocating its mains, which operation was made necessary by reason of the change of grade of two streets, one in the city of Mount Vernon and the other in the village of Pelham, by way of avoiding the necessity of having those streets cross at grade the newly-constructed Hutchinson River parkway. The changes of grade consisted in elevating the streets, and the work was done by the park commission instead of by the municipalities themselves, it being done, however, pursuant to formal authority from the municipalities.

(1) The fact that those two municipalities utilized the staff and organization of the Westchester County Park Commission in effecting the change of grade of these two public streets did not take the case outside the general rule, which is that the burden of relocating such gas mains by a municipality rests upon the entity owning and maintaining the gas mains. The consents in the form of ordinances adopted by the city of Mount Vernon and the village of Pelham should be interpreted as the adoption of the Westchester County Park Commission as an agency of those municipalities in the accomplishment of the change of grade of those streets for and on behalf of the municipalities involved, since before the construction was begun those streets were part of and subject to the jurisdiction of those two municipalities, and after the operation is completed they continue in the same status. The fact that the necessity for the change of grade of those two streets arose because the Westchester County Park Commission projected a parkway that would, but for the change of grade, intersect those streets at grade, does not alter the legal effect of the operation. The municipalities were entitled, as a matter of convenience and economy, to utilize the agency of the Westchester County Park Commission in the performance of that work, which they could do without the aid of that agency at a greater expense to themselves but without saddling themselves with the cost of by-passing and relocating the plaintiff's gas mains in the course of the change of the grade of the public streets in question.

(2) Section 5 of the Westchester Parkway Act (Laws of 1922, chap. 292, as amd. by Laws of 1925, chap. 119; since amd. by Laws of 1928, chap. 444, and Laws of 1929, chap. 563) does not contain the requisite clear and unequivocal legislative declaration needful to relieve the plaintiff from its common-law obligation to relocate its mains. Neither is it authority to warrant a holding that the Park Commission should pay for such relocation operation. The Park Commission took no property from the plaintiff within the meaning

of section 5 of the Westchester Parkway Act. The plaintiff had no ownership of or easement in any particular part of the subsurface or bed of the two public streets which were reconstructed and the grade thereof changed under the authority or direction of the two municipalities. The plaintiff had been authorized to have its gas mains in some part of the bed of those streets, but it had no irrevocable right to have that location continue in any particular part of the bed of those streets. After the construction has been completed, the plaintiff's mains are still approximately in the location they were in before the grades of the streets were changed. There was, therefore, no taking by the Park Commission of the plaintiff's property. The incidental expense incurred by the plaintiff in by-passing and relocating the mains results from a common-law obligation which no statute has changed or modified.

Judgment should be directed in favor of defendants, without costs.

RICH, KAPPER and SCUDDER, JJ., concur; LAZANSKY, P. J., dissents upon the ground that under the situation here presented, section 5 of the act creating the Westchester County Park Commission is applicable. Within the purview thereof, plaintiff's property has been taken, though temporarily.

Upon agreed statement of facts, judgment directed for defendants, without costs.